# EXHIBIT 1

MICHAEL K. JEANES
Clerk of the Superior Court
By Adam Asher, Deputy
Date 09/18/2009 Time 16:42:41

| Description | Amount |
| --- | --- |
| ——— CASE# CV2009-05411 ——— | |
| COM NO TRIAL FEE | 286.00 |
| TOTAL AMOUNT | 286.00 |
| Receipt# 20023541 | |

1  Paul B. Mengedoth (018507)
2  **MENGEDOTH LAW FIRM LLC**
   14646 N. Kierland Blvd., Ste. 140
3  Scottsdale, Arizona 85254
4  (480) 778-9100
   (480) 778-9101 (Fax)
5  E-mail:  paul@mengedothlaw.com

6  Attorneys for Plaintiff Christine Slakans

7

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10

11

12  CHRISTINE SLAKANS, on behalf of          )    Case No. CV2009-054111
    herself and all others similarly situated,   )
13                                              )
                Plaintiff,                       )    **CLASS ACTION COMPLAINT FOR**
14                                              )    **DAMAGES AND INJUNCTIVE**
15  v.                                          )    **RELIEF**
                                                )
16  DIRECTV, INC, a California                  )
    corporation.; DIRECTV                       )
17  MERCHANDISING, INC., a Delaware             )
18  corporation; DIRECTV ENTERPRISES,           )
    LLC, a Delaware limited liability           )
19  company; DIRECTV HOLDINGS LLC,              )
20  a Delaware limited liability company;       )
    DIRECTV OPERATIONS, LLC, a                  )
21  California limited liability company;       )
22  THE DIRECTV GROUP, INC., a                  )
    Delaware corporation,                       )
23                                              )
                Defendants.                      )
24  _____    )

25

26

27

28

1    Plaintiff Christine Slakans, ("Plaintiff"), individually and on behalf of all others
2  similarly situated, alleges by and through her attorneys, upon information and belief, as
3  follows:

## I. SUMMARY

5    1.    This class action complaint seeks to remedy the deceptive and fraudulent conduct
6  of the Defendants in connection with their practice of imposing "Early Cancellation Fees"
7  ("ECFs") on unsuspecting consumers. Defendants fail to make adequate disclosures that when
8  new or existing DirecTV subscribers "purchase" or "upgrade" to new DirecTV satellite
9  television equipment, the activation of such equipment binds consumers into 12-month, 18-
10  month or 24-month contracts ("Programming Commitment), and that termination of DirecTV
11  services prior to the end of the contract term will result in ECFs of up to $480. By the time
12  consumers discover the purported contract terms and ECFs, if at all, consumers have already
13  paid substantial sums for the equipment and Defendants have already imposed the inadequately
14  disclosed contract terms subjecting consumers to the ECFs and other oppressive and unfair
15  contract terms.

## II. FACTS

17    2.    DirecTV and its subsidiaries ("DirecTV") are in the business of providing both
18  standard-definition ("SD") and high-definition ("HD") satellite television service to consumers
19  throughout the United States. In order to receive DirecTV's signal, consumers must use the
20  appropriate SD or HD DirecTV satellite dish and receiver box that is then connected to the
21  consumer's television. If a consumer wants to record live television, DirecTV also offers SD
22  and HD DVRs. The DirecTV receivers and DVRs are herein collectively referred to as
23  "DirecTV Equipment" or "Equipment."

24    3.    DirecTV provides Equipment directly to the public and through national retailers
25  such as Best Buy, Circuit City and Costco. The cost of the DirecTV Equipment is significant
26  and often priced in excess of $200. After purchasing the Equipment and connecting it to their
27  television, consumers must then activate the Equipment through DirecTV.
28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4.    Because DirecTV offers its Equipment at retail outlets such as Best Buy, Circuit City, and Costco (wherein the vast majority, if not all, transactions for goods are sales, not leases), absent adequate disclosures to the contrary, the reasonable consumer believes that the transaction for the DirecTV Equipment is a purchase of ownership rights, not an agreement to lease.

5.    DirecTV purportedly provides consumers with a "Lease Addendum" at the time of installation of consumers' DirecTV equipment.  The Lease Addendum describes the ECFs. Many consumers, like Plaintiff, however, never receive or see the "Lease Addendum."  On the occasions that the Lease Addendum is shown to consumers by the installer, it is often presented simply as a matter for which the consumer certifies that the equipment has been satisfactorily installed.

6.    To the extent DirecTV does disclose the ECFs, it is only after consumers purchase DirecTV equipment and/or activate DirecTV services.

7.    The Programming Commitment, the ECFs and the terms of the purported lease arrangement is material information to a reasonable consumer, and Defendants' failure to adequately disclose such material information at the time of purchase is deceptive.

8.    Consumers are damaged because Defendants failed to adequately disclose that the transaction for DirecTV Equipment subjects them to a programming commitment term that, if breached, results in substantial ECFs.

9.    Defendants' conduct constitutes fraudulent and deceptive business practices. Through this complaint, Plaintiff seeks among other things (1) injunctive relief, (2) declaratory relief, and (3) a return of all ECFs paid by the class.

### III. JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction.

11.    Venue in this judicial district is proper because the Plaintiff resides in Maricopa County, Defendants contracted to perform a service or obligation to Plaintiff in Maricopa County, and Defendants regularly conduct business in Maricopa County.

3
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12. The total amount in controversy as to Plaintiff and each individual Class member, including actual, compensatory, restitution, declaratory and/or equitable relief, and/or any other unspecified relief, is less than $75,000.00, exclusive of interests and costs. Plaintiff and Class members do not assert any federal question or any claim arising under federal statute.

13. Defendants, acting directly or indirectly through agents that were at the time acting with actual and/or apparent authority, and within the scope of such authority, have:

(a) Transacted business in the State of Arizona, Maricopa County;

(b) Contracted to import or supply into or obtain services or goods in the State of Arizona, Maricopa County;

(c) Intentionally availed themselves of the benefits of doing business in the State of Arizona, Maricopa County;

(d) Produced, promoted, advertised, imported, sold, marketed, and/or distributed their goods and services in the State of Arizona, Maricopa County and, thereby, purposefully availed themselves to and profited from their access to the State of Arizona, Maricopa County's markets;

(e) Caused damage by their acts or omissions in the State of Arizona, Maricopa County;

(f) Caused damage in this state and county by acts or omissions committed outside the State of Arizona while:

(i) Regularly doing or soliciting business in the State of Arizona, and/or

(ii) Engaging in other persistent courses of conduct within the State or Arizona, and/or

(iii) Deriving substantial revenue from goods used or consumed or services rendered in the State of Arizona, Maricopa County;

(g) Committed acts and omissions that Defendants knew or should have known would cause damage (and, in fact, did cause damage) in the State of Arizona to Plaintiff and the Class while:

4

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(i)     Regularly doing or soliciting business in the State of Arizona, and/or

(ii)     Engaging in other persistent courses of conduct within the State of Arizona, and/or

(iii)     Deriving substantial revenue from goods used or consumed or services rendered in the State of Arizona, Maricopa County;

(h)     Otherwise had the requisite minimum contacts with the State of Arizona, Maricopa County such that, under the circumstances, it is fair and reasonable to require defendants to come to this Court to defend this action.

## IV. PARTIES

### Plaintiff

14.     Plaintiff Christine Slakans is a resident of Gilbert, Arizona, County of Maricopa.

15.     In or about August 1998, Plaintiff commenced her DirecTV programming services.

16.     In or about August 2008, after being a DirecTV customer for 10 years, DirecTV mailed Plaintiff an offer. The offer purported to be a "Free DVR Upgrade" for being a "loyal DirecTV customer." The offer stated: "There are no charges or strings attached. It's just our way of saying thanks." The offer makes no mention of any programming commitment terms, ECFs, leases, non-return fees, or any other term of the Lease Addendum.

17.     In or about September 2008, Plaintiff called DirecTV customer service and accepted DirecTV's offer for a "Free DVR Upgrade" and also purchased an additional DirecTV receiver for $99.00. At no time during this transaction did Defendants inform Plaintiff of a programming commitment, lease arrangement, or associated ECFs.

18.     Immediately prior to DirecTV's offer and Plaintiff's acceptance of that offer, DirecTV billed Plaintiff on a month-to-month basis, and DirecTV did not oblige Plaintiff to continue her programming subscription for any specific term.

19.     In or about February 2009, Plaintiff cancelled her DirecTV services. Defendants thereafter assessed and continue to attempt to collect from Plaintiff a $380 Early Cancellation

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Fee. Plaintiff was unaware of the purported Programming Commitment and the associated
2  Early Cancellation Fee until such a fee appeared on her bill.

3      20.    Soon after Plaintiff discovered the fees, DirecTV represented to Plaintiff that the
4  disputed fee was valid in phone calls, emails, and letters. For example, on or about February
5  16, 2008, Defendants received a letter from Plaintiff in which she disputed the fee and the
6  applicability of the Programming Commitment, and invited Defendants to work with her to
7  resolve the dispute in lieu of a court proceeding. In response, Defendants represented to
8  Plaintiff that the debt was valid, and that Plaintiff signed the Lease Addendum at the time of
9  installation. Plaintiff disagreed that she signed, or ever saw, the Lease Addendum, and
10  requested a copy of the purportedly signed Lease Addendum. Defendants thereafter
11  represented that they "no longer ha[d] a copy of the lease addendum on file" and would not be
12  able to provide Plaintiff with a copy, but that "even without a copy of the lease addendum,"
13  Defendants considered the disputed debt to be valid.

14      21.    Plaintiff had no opportunity to consider, review, or negotiate the terms of the
15  Lease Addendum before or soon after placing her order for the new DVR receivers.

16      22.    Defendants did not inform Plaintiff of the Lease Addendum and its terms until
17  after she disputed the Early Cancellation Fee assessed after she cancelled DirecTV services.

18      23.    Had Plaintiff known of the Programming Commitment term and associated Early
19  Cancellation Fee, she would not have ordered, installed, or activated the DVR receivers.

20  **Defendants**

21      24.    Defendant The DirecTV Group, Inc., is a Delaware corporation with its principal
22  place of business in El Segundo, California. The DirecTV Group, Inc. markets, delivers,
23  promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United
24  States.

25      25.    Defendant DirecTV, Inc., is a California corporation with its principal place of
26  business in El Segundo, California. DirecTV, Inc. markets, delivers, promotes and advertises
27  DirecTV and DirecTV receivers to consumers throughout the United States.

28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

26.   Defendant DirecTV Merchandising, Inc., is a Delaware corporation with its principal place of business in El Segundo, California. DirecTV Merchandising, Inc. markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

27.   Defendant DirecTV Enterprises, LLC is a Delaware limited liability company with its principal place of business in El Segundo, California. DirecTV Enterprises, LLC markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

28.   Defendant DirecTV Holdings LLC, is a Delaware limited liability company with its principal place of business in El Segundo, California. DirecTV Holdings LLC markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

29.   Defendant DirecTV Operations LLC, is a California limited liability company with its principal place of business in El Segundo, California. DirecTV Operations LLC markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States. Defendants DirecTV Operations LLC, DirecTV Holdings LLC, DirecTV Enterprises, LLC, DirecTV Merchandising, Inc., DirecTV, Inc., and DirecTV Group, Inc., are collectively referred to as "DirecTV."

30.   At all times herein mentioned, each of the Defendants was the agent, servant, representative, officer, director, partner or employee of the other. At all times, each of the Defendants was acting within the scope and course of his/her/its authority as such agent, servant, representative, officer, director, partner or employee, and with the permission and consent of each Defendant. Additionally, at all times herein mentioned, Defendants were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of the joint venture, partnership and common enterprise.

31.   At all times herein mentioned, Defendants were engaged in a conspiracy to commit the acts alleged herein and each of them, and ratified each and every at or omission complained of herein.

## V.  CLASS ACTION ALLEGATIONS

32.   This class action is properly brought pursuant to the provisions of Rule 23, *Ariz.R.Civ. P.*  Plaintiff brings this class action on behalf of herself and all others who are similarly situated.  The proposed Class that Plaintiff seeks to represent is defined as follows: All persons and entities who are residents of the State of Arizona and who have been charged Early Cancellation Fees by DirecTV within one year of the date of filing this Complaint.

33.   Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.  Specifically excluded from the proposed Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

### Numerosity

34.   On information and belief, the Class is compromised of more than 40 DirecTV customers, making joinder impractical.  Though the exact number and identity of Class members is not presently known, they may be identified in Defendants' records through coordinated discovery pursuant to this Class action.

### Typicality

35.   Plaintiff's claims are typical of those of the Class in that Plaintiff and class members subscribed to DirecTV services and were assessed undisclosed or inadequately disclosed ECFs.

### Commonality & Predominance of Common Questions

8
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

36.    There are numerous common questions of fact and law arising out of Defendants' conduct. The action focuses on the Defendants' false and misleading sales practices associated with its Early Cancellation Fees in connection with Defendants' sale/lease of DirecTV Equipment and Programming Services to the public.

37.    Common questions of fact and law predominate over any questions affecting only individual members of the Class. The predominating common or class-wide questions of fact include the following:

(a)    Whether Defendants marketed, advertised and provided their DirecTV Equipment and Programming Services to the Class using false, misleading and/or deceptive statements or representations;

(b)    Whether Defendants omitted material facts in connection with their sale/lease of DirecTV Equipment and programming services to the Class;

(c)    Whether Defendants failed to adequately disclose DirecTV Programming Commitments;

(d)    Whether Defendants failed to adequately disclose Early Cancellation Fees associated with the discontinuance of DirecTV services prior to the expiration of the Programming Commitments;

(e)    Whether Defendants' conduct as described herein constitutes a violation of Arizona's Consumer Fraud Act;

(f)    Whether the Class is entitled to restitution; and,

(g)    Whether the Class is entitled to damages.

38.    Defendants' defenses, to the extent that any such defenses apply, are applicable generally to Plaintiff and the entire Class and are not distinguishable as to proposed Class members.

**Adequacy**

39.    Plaintiff, on behalf of herself, and all others similarly situated, will fairly and adequately protect the interests of all members of the Class, and has retained attorneys highly experienced in the prosecution of complex consumer class action litigation. Plaintiff will fairly

9

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   and adequately protect the interests of all members of the Class and has no conflicts or interests
2   that are antagonistic to the Class.

3   **Superiority**

4   40.   Under the facts and circumstances alleged herein, class action proceedings are
5   superior to any other methods available for both fair and efficient adjudication of the rights of
6   each Class member.  Joinder of individual members of the Class is not practical.  Individual
7   litigation would be unnecessarily costly and burdensome and would deter individual claims.

8   41.   To process individual cases would increase both the expenses and the delay not
9   only to Class members, but also to Defendants and the Court.  In contrast, a class action in this
10  matter will avoid case management difficulties and provide multiple benefits to the litigating
11  parties, including efficiency, economy of scale, unitary adjudication with consistent results and
12  equal protection of the rights of each Class member, all by way of the comprehensive and
13  efficient supervision of the litigation by a single court.

14  42.   Without class certification, the prosecution of separate actions by individual
15  members of the Class would create a risk of inconsistent or varying adjudications with respect
16  to individual members of the proposed Class that would establish incompatible standards of
17  conduct for Defendants.

18  43.   Notice of a certified class action and of any result or resolution of the litigation
19  can be provided to Class members by first-class mail, email, or publication, or such other
20  methods of notice as deemed appropriate by the Court.

21  44.   *Defendants benefited from assessing and collecting inadequately disclosed ECFs*
22  *from Plaintiff and the Class.  The benefit to Defendants can be identified from Defendants'*
23  *records and such monies can be restored to Plaintiff and the Class.  Such monies are the*
24  *property of the Plaintiff and the Class.  All or a portion of this benefit retained by Defendants*
25  *is money in which Plaintiff and the Class have an ownership interest.  Plaintiff and the Class*
26  *were injured in fact as a result of Defendants' fraudulent and deceptive business practices*
27  *described herein.*

28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

45.     None of the claims for relief asserted in this controversy are subject to arbitration or any valid arbitration agreement.  To the extent that Defendants assert that such claims are subject to an arbitration agreement, Plaintiff, on behalf of herself and the Class, seeks declaratory relief in the form of a finding that such a purported agreement is void and unenforceable as against public policy and/or unconscionable.

## VI.  CLAIMS FOR RELIEF

### COUNT I

**(Arizona Consumer Fraud Act, 44-1521 *et seq.*)**

46.     Plaintiff re-alleges and hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

47.     This claim is brought against Defendants pursuant to the Arizona Consumer Fraud Act ("ACFA"), §§ 44-1521, *et seq.*

48.     Defendants are "persons" within the meaning of the ACFA.

49.     Defendants sell "merchandise" within the meaning of the ACFA.

50.     Defendants sell, offer for sale, advertise, and/or lease its DirecTV Equipment and Programming Services within the meaning of the ACFA.

51.     Defendants have acted, used, or employed deception, a deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of material facts in connection with its sales or leases of DirecTV Equipment and programming services in violation of the ACFA.

52.     Defendants' conduct violated and continues to violate the ACFA in at least the following respects:

(a)     Failing to adequately disclose and/or concealing from Plaintiff and Class members that their purchase or upgrade of DirecTV Equipment subjects them to a 12-month, 18-month, or 24-month Programming Commitment;

(b)     Failing to adequately disclose and/or concealing that if a consumer cancels DirecTV services prior to the end of the Programming Commitment, he/she will be assessed an Early Cancellation Fee of up to $480.

11
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

53.    Plaintiff and the Class members have suffered injury in fact as a result of Defendants' unlawful, unfair, or fraudulent practices, in that, among other things:

(a)    Plaintiff and Class members have been accessed Early Cancellation Fees. In Plaintiff's case Defendants charged her a $380 Early Cancellation Fee;

(b)    Plaintiff and Class members would not have paid for DirecTV Equipment had they known of the Programming Commitment and Early Cancellation Fees.

54.    The above-described deceptive business practices conducted by Defendants present a threat and likelihood of harm and deception to members of the Class in that Defendants have systematically perpetrated and continue to perpetrate the fraudulent conduct upon members of the public and consumers are likely to be misled by such conduct.

55.    The Programming Commitment and Early Cancellation Fees are terms which are material to consumers in that a reasonable person would have considered them important factors in deciding whether to complete the transaction for DirecTV Equipment and Programming Services.

56.    As a result of Defendants' acts and practices as alleged in this Complaint, Plaintiff and Class members have been harmed.

## COUNT II

### (Unjust Enrichment)

57.    Plaintiff re-alleges and hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

58.    By their unlawful, unfair, deceptive, and wrongful acts and omissions, Defendants were unjustly enriched at the expense of Plaintiff and the Class, who were charged by Defendants for Early Cancellation Fees they never agreed to or knew existed.

59.    Defendants were aware and had knowledge of the benefit they were receiving as a result of their unlawful, unfair, deceptive, and wrongful acts and omissions, as hereinabove alleged, and have enjoyed the benefit of their financial gains, to the detriment and at the expense of Plaintiff and the Class.

12
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

60.     Defendants' retention of some or all of the monies gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

61.     Plaintiff, on behalf of herself and all others all others similarly situated, is entitled to seek restitution from Defendants, and each of them, and an order disgorging profits, benefits, and other compensation obtained by Defendants for their wrongful conduct.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1.     For an order certifying the Class pursuant to the provisions of Rule 23, *Ariz.R.Civ.P.* and appointing Plaintiff and her counsel of record to represent the Class;

2.     For restitution, disgorgement and/or other equitable relief as the Court deems proper;

3.     For an order permanently enjoined Defendants from performing or proposing to perform any of the aforementioned acts of fraudulent and deceptive business practices;

4.     For actual and compensatory damages sustained by Plaintiff and all others similarly situated as a result of Defendants' unlawful acts and conduct;

5.     For punitive damages;

6.     For a permanent injunction prohibiting Defendants from engaging in the conduct and practices complained of herein;

7.     For pre-judgment and post-judgment interest;

8.     For reasonable attorneys' fees and costs of suit; and

9.     For such other and further relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 | DATED this 18th day of September, 2009.

2

3

4 **MENGEDOTH LAW FIRM LLC**

5

6 By: _____

7

8 Paul B. Mengedoth
14646 N. Kierland Blvd., Suite 140
9 Scottsdale, Arizona 85254
paul@mengedothlaw.com
10 Attorneys for Plaintiff Christine Slakans,
individually and all others similarly situated
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF